EUGENE MIANNAY, Appellant, *v.* E. N. S. BLOGG, Respondent.

An order made after verdict, giving leave to the defendant to renew a motion made before trial, and denied, to set aside an order of arrest granted in the action, and staying judgment on the verdict in the mean time, is not appealable to this court.

(Submitted October 9th, 1869, and decided December 22d, 1869.)

APPEAL from the General Term of the New York Common Pleas.

This action was brought in the Common Pleas of New York, to recover money the respondent received for the sale of perfumery for appellant, as his agent in a fiduciary capacity, which the respondent had failed to account for.

At the commencement of the action, an order of arrest was obtained upon an affidavit, showing the fiduciary nature of the claim sued upon.

A motion was made to set aside the order, and was denied. A like motion was again made and, on the hearing, plaintiff's counsel made a preliminary objection, that the motion involved the same questions as the issues to be tried in the action. For that reason, the motion was denied.

The action was then tried upon the merits. On the trial, the court refused to hear any evidence, as to the peculiar character of the claim, but gave judgment for the amount of the claim, as for money had and received.

The respondent then made a motion, at a special term of said court, for leave to renew the motion to set aside the order, which leave was by order granted, with a stay of all proceedings in the action. The appellant appealed to the General Term, where the order was affirmed. The appellant appealed to this court. The respondent insists the order is not appealable.

MURRAY, J. The order of the Special Term of Common Pleas appealed from, is in the following form: On reading and filing an affidavit and order to show cause in behalf of the defendant, and after hearing counsel for the respective parties, it is ordered that the defendant have liberty to renew the motion heretofore made by or for him, to discharge the order of arrest, upon the payment of ten dollars cost of this motion, provided the papers be served and costs paid, within ten days after entry of this order; and that in the mean time, and if such motion shall be so made, then, until the decision thereof, the plaintiff's proceedings to enter judgment are stayed. Such motion, if renewed, to be made upon the papers originally served on the defendant's behalf, and those used upon the motion to renew, and proof of what took place upon the trial before Judge BRADY, and a notice of motion to be served within the time aforesaid.

This order affects a substantial right of the appellant, and is an order in the action; and the order of stay therein, prevents a judgment from which an appeal might be taken, but it does not, in effect, determine the action; and that part of the order which stays entry of judgment, is discretionary with the judge making it, and it is not the subject of appeal. This order is therefore not appealable under subdivision 2 of section 11 of the Code. It is not a final order made in a special proceeding, or upon a summary application after judg-

ment.  It is therefore not appealable under subdivision 3 of said section.

It is very clear that this order is not appealable, and the appeal should be dismissed, with costs.

WOODRUFF, J., also read an opinion for dismissal.
All concurring for dismissal, appeal dismissed.